Rajiv Jit Jain SBN 231273
8 Corporate Park, Ste 300
Irvine, CA 92606-5196
Tele: (949) 379-7165
Fax: (949) 379-7163
Email: raj@jainlawfirm.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREEN ENGINEERED SYSTEMS, INC DBA SRS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> MASON JAR FARMS, LLC. <br><br> Defendant | Case No.: <br><br> **PLAINTIFF'S COMPLAINT** |

Plaintiff Green Engineered Systems, Inc., dba SRS International, Inc ("Plaintiff"), by and through the undersigned, alleges herein as follows:

## I.   NATURE OF THE ACTION

1. Plaintiff brings this action against Defendant Mason Jar Farms, LLC ("Defendant") for breach of contract, violation of California Business and Professions Code 1700, et. Seq., and intentional misrepresentation in connection with equipment and engineering services provided to Defendant, and left unpaid.

2. Plaintiff notes to the Court that Defendant filed an improper action in the US District Court for the Eastern District of Wisconsin, bearing the case number **20-cv-1383** (the "Wisconsin Action"), alleging a host of grievances plead in the *wrong* venue.

3. Plaintiff further notes that it is a California Corporation, that its members are all citizens of the State of California, and that the dispute in question involves sums of monies in excess of $75,000.

## II.   PARTIES

4. Plaintiff is a is a corporation organized and existing under the laws of the State of California with is principal place of business at 41610 Date Street, Unit 107, Murietta, CA92562.

5. Defendant is, and at all times herein mentioned, conducting ongoing business in the State of California.

6. Defendant, upon information and belief, is a limited liability company organized and existing under the laws of the State of Wisconsin with its principal place of business at 1663 Pilgrim Road, Plymouth, WI 5307.

## III.   JURISDICTION AND VENUE

7. This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 USC § 1332.

8. Plaintiff is a California Corporation, and each of the alleged acts transpired in, and took place within the State of California..

9. Further, the amount in controversy is more than $75,000.00. Venue lies in this District pursuant to 28 USC § 1391(b).

10. A limited liability corporation is a citizen of all of the states of which its members are citizens. *Johnson v. Columbia Props., Anchorage LP*, 437 F.3d 894, 899 (9th Cir. 2006). As Defendant in the Wisconsin Action noted that each of its members are residents, citizens and domiciled in the State of Wisconsin, Defendant is undoubtedly a Wisconsin entity.

### A. The Wisconsin Action

11. Defendant, on or about September 8, 2020, instituted a lawsuit against the Plaintiff herein, alleging violations of the Wisconsin Deceptive Trade Practices Act, Wis. Stat. $ 100.18, et seq., Intentional Misrepresentation, and Breach of Contract[1].

12. Defendant attempted a waiver of service of Plaintiff by the undersigned, however, the undersigned never agreed to accept service on behalf of the Plaintiff herein.

---

[1] Attached hereto and incorporated fully throughout is **Exhibit A**, a true and correct copy of the Wisconsin Action

13. Plaintiff, to date, has yet to be properly served in the Wisconsin Action.
14. Defendant knew, or should have known that the Wisconsin Action was improperly filed in the wrong venue, as the Plaintiff is a California Corporation with its principal place of business within this District.
15. As such, Plaintiff shall concurrently cause to be filed a motion to transfer jurisdiction and consolidate the two actions within this District.

**B.  The Contract and Subsequent Breach**

16. On or about October 16, 2019 Plaintiff and Defendant entered into a valid and enforceable contract for the purchase of the LFE600.
17. Plaintiff provided equipment and engineering services to Defendant, following hundreds of discussions, emails and phone conversations.
18. During those communications Defendant made numerous material and false representations and failed to disclose material facts in its possession, yet, nonetheless, supplied Defendant with equipment and Engineering agreement.
19. Defendant purchased from Plaintiff the LFE600 and associated engineering services and wired Plaintiff $143,000 as partial payment for the LFE600 and $20,000 as payment for engineering services from Plaintiff on October 17, 2019
20. Plaintiff alleges that Defendant breached the express terms of the contract, by, among other things: (i) failing to adhere to the payment schedule for services rendered; (ii) failing to bide by the Cancellation provision; (iii) failing to communicate any material issues to Plaintiff in order to rectify any issues; and (iv) failing to perform its end of the contract.

### FIRST CAUSE OF ACTION – BREACH OF CONTRACT

21.  Plaintiff incorporates herein by reference the allegations made in all preceding paragraphs, and re-alleges same as though fully set forth herein.

22.  Plaintiff and Defendant entered into a Contract for services.

23.  Plaintiff performed all conditions, covenants, and promises on Plaintiff's part to be performed in accordance with the terms and conditions of the agreement.

24. Plaintiff is informed and believes, and on that basis alleges, that the Defendant herein breached the agreement by failing to disclose material and important information regarding the services to be performed, that was within the Defendant's knowledge.

25. Plaintiff is informed and believes, and on that basis alleges, that the Defendant herein breached the agreement by failing to perform its conditions, covenants and failing to remit payment timely for services rendered by Plaintiff.

26. As a direct and proximate result of Defendant's breach of the agreement, Plaintiff has been damaged in the sum of at least 467,445.00, as a result thereof.

27. The Defendant's actions were malicious, oppressive, and fraudulent within the meaning of California Civil Code, § 3294, thereby justifying the imposition of exemplary damages.

## SECOND CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES, BUS & PROF. CODE, § 17200, ET SEQ.

28. Plaintiff incorporates herein by reference the allegations made in all preceding paragraphs, and re-alleges same as though fully set forth herein.

29. The UCL defines "unfair business competition" to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. Prof. Code § 17200.

30. Business and Professions Code, Section 17200 states, in pertinent part: "...unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

31. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered harm and losses as described herein and in amounts to be proved at trial. Plaintiff therefore seeks restitution from Defendants.

## THIRD CAUSE OF ACTION- INTENTIONAL MISREPRESENTATION

32. Plaintiff incorporates herein by reference the allegations made in all preceding paragraphs, and re-alleges same as though fully set forth herein.

33. Defendant represented to Plaintiff that it would pay the negotiated sum for the equipment and services from Plaintiff, and that the services would be compensated commiserative with the contract.

34. These representations were not true.

35. The Defendant had no reasonable grounds for believing they were true when they were made.

36. The Defendant intended that Plaintiff rely on its representations.

37. Plaintiff reasonably relied on said representations, which was a substantial factor in causing the harm described herein.

### FOURTH CAUSE OF ACTION- NEGLIGENT MISREPRESENTATION

38. Plaintiff incorporates herein by reference the allegations made in all preceding paragraphs, and re-alleges same as though fully set forth herein.

39. Defendant represented to Plaintiff that it would pay the negotiated sum for the equipment and services from Plaintiff, and that the services would be compensated commiserative with the contract.

40. These representations were not true.

41. Although the Defendant may have initially believed or intended that the representations were true, it had no reasonable grounds for believing they were true when they were made.

42. The Defendant intended that Plaintiff rely on its representations.

43. Plaintiff reasonably relied on said representations, which was a substantial factor in causing the harm described herein.

### FIFTH CAUSE OF ACTION
### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

44. Plaintiff incorporates herein by reference the allegations made in all preceding paragraphs, and re-alleges same as though fully set forth herein.

45. Plaintiff and Defendant entered into a contract as noted above.

46. Implied in such a contract is a covenant that the insurer will act it good faith and deal fairly with its insured; that they will do nothing to interfere with its insureds' rights to receive the benefits of the insurance contract; that it will not place its own interests before those it insures; that it will exercise

diligence, good faith and fidelity in safeguarding the interests of its insured; and that it will deal ethically with its insured.

    47. Defendant breached the implied covenant of good faith and fair dealing by, *inter alia*, failing to abide by the express terms of the contract; failing to remit payment timely for services rendered; and, by failing to remediate the wrongs, and, rather, filing a frivolous suit in Wisconsin.

    48. Plaintiff is entitled to attorney's fees under *Brandt v. Superior Court*, 37 Cal. 3d. 813 (1983) for all attorney's fees and expenses that it reasonably has incurred and will incur.

**WHEREFORE** Plaintiff prays for a judgment as follows:

1. For an award of compensatory damages as shall be established by proof at time of trial;
2. For an award of consequential damages as shall be established by proof at time of trial;
3. For an award of actual damages as shall be established by proof at time of trial;
4. For exemplary and/or punitive damages;
5. For Plaintiff's attorneys' fees incurred herein;
6. For interest, expenses and costs of suit to the extent permitted; and
7. For such other and further relief as the Court may deem just and proper.

Respectfully submitted this 9th day of December 2020

/s/

_____
Rajiv Jit Jain SBN 231273
8 Corporate Park, Ste 300
Irvine, CA 92606-5196
Tele: (949) 379-7165
Fax: (949) 379-7163
Email: raj@jainlawfirm.com
*Attorney for Plaintiff*